ARCHITECTURAL DECORATING COMPANY v.
NATIONAL SURETY COMPANY.[1]

August 4, 1911.

Nos. 17,205—(243).

Bond of public contractor — effect of statute.

　　Chapter 413, Laws 1909, changing the requirement as to notice of claims upon bonds of public contractors, affects the remedy provided for the enforcement of such bonds and not the obligation thereof, and is applicable to claims arising subsequent to its enactment upon bonds given prior to its enactment.

[1] Reported in 132 N. W. 289.

Action in the district court for St. Louis county to recover $1,-034.95 damages for breach of a bond. A demurrer to the complaint was overruled, and defendant surety company in its answer set up that R. L. 1905, §§ 4535, 4539, were in force at the time of the execution of the bond and plaintiff did not serve its notice on defendant in accordance with that statute; and further alleged plaintiff was a foreign corporation, had not complied with the statutes of the state, and was not authorized to do business in Minnesota. The case was tried before Cant, J., who made findings as stated in the opinion, and as conclusion of law ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell* and *Baldwin & Baldwin,* for appellant.

*A. L. Agatin,* for respondent.

*John Jenswold, Jr., C. R. Magney,* and *Crassweller, Crassweller & Blu* and *Clapp & Randall,* filed briefs by permission of court.

SIMPSON, J.

This is an action to recover damages for breach of a bond, given by the defendant surety company, arising from a failure in the payment of a claim for labor and material furnished by the plaintiff for the erection of a public high school building. Upon a trial of the action by the court, judgment was entered in favor of the plaintiff and against the defendant surety company. The defendant appeals from the judgment.

The facts as found by the court are: On October 8, 1908, the defendant Henricksen entered into a contract with school district No. 39 for the erection of a high school building at Eveleth, and in order to give the same validity Henricksen, as principal, and defendant National Surety Company, as surety, on or about October 17, 1908, made and delivered to said school district, for the use of all persons doing work or furnishing skill and materials, a bond for the payment of all claims for such labor or material. Henricksen entered upon performance of this contract. Between July 16 and August 16, 1909, the plaintiff furnished labor and material for the

high school building, which was used therein, of the value of $1,050. No part of this sum was paid. At the time of the commencement of this action, Henricksen had not completed the contract for the erection of the high school building, and the building had not been accepted by the school district. Before beginning this action, the plaintiff, on March 8, 1910, served a written notice on the defendant surety company and also on Henricksen, specifying the nature and amount of its claim and the date of furnishing the last item. Thereafter this action was brought to enforce plaintiff's claim against the surety company on its bond. The sufficiency of the notice so given on March 8, 1910, is the sole question involved upon this appeal.

Section 4539, R. L. 1905, the law in force at the time the contract for building the high school was entered into and the bond given, provided: "No action shall be maintained on any such bond unless within ninety days after performing the last item of work or furnishing the last item of skill, tools, machinery or material, the plaintiff shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, nor unless the action is begun within one year after the cause of action accrues."

This law was amended by chapter 413, p. 501, Laws 1909 (R. L. Supp. 1909, § 4539), to read as follows: "No action shall be maintained on any such bond unless, within ninety days after the completion of the contract and acceptance of the building by the proper public authorities, the plaintiff shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, nor unless the action is begun within one year after the service of such notice."

The notice given by the plaintiff was not in time under section 4539, R. L. 1905, but was given within the limited time, if chapter 413, Laws 1909, was the applicable law. From the statement of facts, it will be noted that, while the bond under consideration was given prior to the passage of the 1909 law, the plaintiff furnished

the items of labor and material here involved, and default occurred in the payment therefor, all subsequent to the passage of such law.

The 1909 amendment, by its terms, does not exclude from its operation bonds executed prior to its passage. Being on its face general in its application, it will be construed to apply to bonds executed before, as well as those executed after, its passage, unless such construction would render the statute invalid because of the resulting impairment of the obligation of contracts entered into prior to its passage. Would the later statute, if made applicable to the bond of the surety company given before the statute was passed, change the obligation assumed by the company in such bond? If it would, then without question such statute is ineffectual to make such change. On the other hand, if the change in the statute changes the required procedure for enforcing the obligation of the bond, leaving the reciprocal rights and obligations under the bond unimpaired and enforceable, then it is equally clear that the later statute is valid as applied to this bond, and determines the notice required to be given as a condition to the enforcement of the liability thereunder.

The undertaking of the surety company in the bond in question is: "If the said Henry C. Henricksen shall pay, as they become due, all just claims for work, material * * * then this obligation shall be void, but otherwise of full force and effect." This defines the obligation of the company. By payment of claims for work and material after the failure of Henricksen to pay the same as they become due, the surety company would fully discharge its obligation, and nothing more. The provision requiring notice to be given to the company does not create or enlarge this obligation. It is simply an essential step in the enforcement of an existing obligation, and clearly affects the remedy, and not the substantive rights, of the parties under the bond.

The fact that this statute must be construed as if it were a part of the written bond, and that it places a condition or burden upon the beneficiaries of the bond which they must perform before they can avail themselves of its benefits, does not indicate that the giving of the notice is a condition to the creation of the obligation. It

115 M.—25.

is a condition precedent to the bringing of the action—a necessary step in the enforcement of the remedy. Chapter 413, Laws 1909, therefore effected a change in the remedy for a breach of the obligation of the bond, and is applicable to claims arising after its passage, whether such claims arise upon bonds given before or after its passage, and being so applicable it does not impair or enlarge the obligation of the bond.

Affirmed.