## SMITH & WYMAN COMPANY v. AUGUST CARLSTED AND OTHERS.[1]

December 18, 1925.

No. 25,027.

**Limitation of action in contract and bond unreasonable.**
> A provision in a contract and bond given pursuant to section 9700,
> G. S. 1923, limiting the time to bring suit to a less period than fixed
> in section 9705 is *held* unreasonable and void.

See Limitation of Actions, 37 C. J. p. 728, § 45.

Action in the district court for Hennepin county upon a bond.
Plaintiff appealed from an order, Nye, J., sustaining the demurrer
of defendant Aetna Casualty & Surety Company to the complaint.
Reversed.

*James C. Melville,* for appellant.

*Cobb, Wheelwright, Hoke & Benson·*and *L. M. Staples,* for respond-
ent.

HOLT, J.

Plaintiff appeals from an order sustaining a demurrer of the
surety company to the complaint to recover on a bond executed by

[1]Reported in 206 N. W. 450.

the surety company to secure the performance of a contract for the erection of a public school building at Waseca, Minnesota.

Plaintiff, a corporation, furnished to the contractors, Carlsted Brothers, material for the erection of the building. There is a balance due and unpaid of $9,679.12 and interest from October 18, 1924. The complaint avers that the building was completed and accepted on October 31, 1924, and that on January 28, 1925, plaintiff served respondent with notice of the nature and amount of plaintiff's claim specifying the last item thereof. The contract and bond are in one instrument, executed by Carlsted Brothers and respondent. It is attached to and made a part of the complaint. So is the notice served by plaintiff on respondent.

It is admitted that the instrument was given pursuant to the requirements of G. S. 1923, § 9700, and that the scope of the obligation must be construed to be as broad as the statute prescribes. But the contention is that, although section 9705 is part of the legislation dealing with bonds given pursuant to the first mentioned section, it pertains to the remedy which the parties may by contract further limit or expand, and that, therefore, this provision in the contract and bond must be given effect and supersedes section 9705, viz:

"No suit shall be instituted by any such party after the expiration of ninety days from the completion of the above contract."

Section 9705 reads:

"No action shall be maintained on any such bond unless within ninety days after the completion of the contract and acceptance of the building by the proper public authorities, the plaintiff shall serve upon the principal and his sureties a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, nor unless the action is begun within one year after the service of such notice."

It may be conceded that the obligations of the surety as stated in the bond cannot be added to by a forced construction; that the surety cannot be charged contrary to the plain reading of the bond,

but that in such a case the municipal body should be held liable to the laborers and materialmen for having failed to take such bond as the statute calls for and the surety be exonerated, because not liable under the clear terms of the bond. This is not such a case.

The obligation sought to be enforced is undeniably within the terms of the bond, but respondent seeks to evade it by invoking the limitation of time for bringing suit contained in the contract and bond above quoted. This limitation relates solely to the remedy. It has been held that, if there is a statutory change in the remedy after a statutory bond is given but before the work contemplated is performed, recovery for a breach may be had under the provisions of the new remedy without offending the constitutional inhibition against impairing the validity of contracts. Nat. S. Co. v. Architectural Dec. Co. 226 U. S. 276, 33 Sup. Ct. 17, 57 L. ed. 221, affirming 115 Minn. 382, 132 N. W. 289. The decision of Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 84 N. W. 756, also Fairmont C. S. Mnfg. Co. v. Davison, 122 Minn. 504, 142 N. W. 899, Ann. Cas. 1914D, 945, and authorities therein cited, to the effect that, although the bond is intended for a statutory bond, obligations contrary to its plain reading cannot be imposed, do not preclude holding void a provision inserted in such a bond affecting the remedy contrary to the terms of the remedy provided by the statute. Such holding does not add to the burdens or obligations of the surety in the bond.

It may be conceded that, in the absence of special legislation affecting the limitation of particular actions, parties may by stipulations in their contract reduce the time for instituting a suit below that fixed by the general statutes of limitation, provided the time be not unreasonably short. Chandler v. St. Paul F. & M. Ins. Co. 21 Minn. 85, 18 Am. Rep. 385; Stewart v. Nat. Council K. & L. of S. 125 Minn. 512, 147 N. W. 651; Kulberg v. Supreme Council F. A. U. 135 Minn. 150, 160 N. W. 685; Southern Exp. Co. v. Caldwell, 21 Wall. 264, 22 L. ed. 556; Missouri, K. & T. Ry. Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. ed. 690.

But, applicable to bonds such as these we have statutory regula-
tion not only as to their scope but also as to the remedy, specifying
what the parties, intended to be protected by the bond, must do to
have the right to sue and the time within which suit must be
brought. It is to be noted that the time so fixed is much shorter
than that of the general statutes of limitation, and it is but right
to assume that the legislature intended this limitation as short as
might reasonably be made under the circumstances. A rush into
court at the earliest opportunity does not, as a rule, promote settle-
ments or adjustments of business difficulties and controversies grow-
ing out of the construction of large municipal structures where con-
tractors, subcontractors, laborers and materialmen are involved, and
it should be within the province of the legislature to fix terms and
limit the time within which rights protected by the statutory bond
required may be asserted in court. We think the legislature so did
by said section 9705, and that any provision in a bond or contract
still further limiting the time for serving notice or bringing suit
must be held of no effect as being unreasonable.

We have now a limitation applicable to life insurance policies
(G. S. 1923, § 3406, subd. 2), prohibiting a limitation of less than
five years from the time the cause of action accrues. This evidently
proceeds on the theory that a less space of time is unreasonable as
to actions on such policies. The statute in force as to health and
accident insurance (G. S. 1923, § 3417, subd. 14), limits the time to
two years. The same applies to fire insurance policies (G. S. 1923,
§ 3512, subd. 7). As to the last section the policy must contain
the limitation and, of course, any less time cannot be inserted. We
think that when, in a statute relating to a remedy upon certain
contracts touching public interests, a limitation of the time to bring
suit thereon is fixed at a less period than the general statutes of
limitation, it should be regarded as prohibiting the parties from
contracting for a less period, the one prescribed by the legislature
being the shortest reasonable time to which such actions should be
limited. The case of Baumann v. City of West Allis, 187 Wis. 506,
204 N. W. 907, goes so far as to read into a bond of this sort, not

merely a statutory provision relating to the remedy, but those imposing substantive obligations.

We are cited to numerous other cases holding limitations of six months and even 90 days reasonable. But in none of those cases had the legislature fixed a shorter limitation than the general limitation statutes for suit upon the particular instrument involved.

The demurrer should have been overruled. The order is reversed.