## NELSON ROOFING AND CONTRACTING, INC. v. C. W. MOORE COMPANY AND OTHERS.

245 N. W. 2d 866.

August 20, 1976—No. 46161.

*Tom Wangensteen,* for appellants.

Heard before Todd, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

DAVID E. MARSDEN, JUSTICE.*

C. W. Moore Company was the general contractor and Nelson Roofing & Contracting, Inc., was a subcontractor in the construction of public nursing home additions in Itasca County. As required by Minn. St. 574.26, Moore purchased a labor and materials payment bond from United Pacific Insurance Company. Minn. St. 574.31 provides in pertinent part:

"No action shall be maintained on any such bond unless within 90 days after the completion of the contract and acceptance thereof by the proper public authorities, the claimant shall file a written notice * * * nor unless the action is begun within one year after the filing of such notice."

However, the language of the bond issued by United Pacific is inconsistent:

"No suit or action shall be commenced hereunder by any claimant:

\* \* \* \* \*

"b) After the expiration of one (1) year following the date on which Principal ceased Work on said Contract * * *."

On February 2, 1973, Nelson filed with the Itasca County auditor notice of a claim for $6,972.92. Moore completed its work on August 21, 1973, and it was accepted by the Itasca Nursing Home

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

Commission on November 21, 1973. Nelson commenced this lawsuit on March 26, 1974, within the limitation period provided in the bond, but not within the statutory period provided in Minn. St. 574.31.

After trial on the merits, judgment was entered against Moore on the underlying obligation and against United Pacific on the bond. United Pacific had raised as an affirmative defense Nelson's failure to comply with Minn. St. 574.31, but the trial court held: ·

"That the plaintiff is entitled to the benefits of both the statute and the bond, whichever are greater, so long as the plaintiff is not thereby granted rights additional to or superior to other claimants."

The judgment against Moore is not contested on appeal. Nor is there any contention by United Pacific that Nelson failed to comply in the first place with the notice requirement in Minn. St. 574.31. The issue raised is that Nelson failed to comply with the 1-year statute of limitations as provided in Minn. St. 574.31 and that this statutory provision must prevail over inconsistent language in the bond.

United Pacific argues that our holding in Shandorf v. Standard Surety & Cas. Co. 198 Minn. 96, 268 N. W. 843 (1936), is controlling. However, the bond at issue in Shandorf did not contain a provision limiting the time in which an action could be brought.[1] Therefore, Shandorf did not decide the issue presented here, i. e., what effect is to be given to bond language inconsistent with the statutory limitation period.

Dicta in several of our cases indicate that a bond given pursuant to the statute must be read with the statute, and its scope limited thereby. See, Healy Plumbing & Heating Co. v. Minneapolis-St. Paul Sanitary Dist. 284 Minn. 8, 169 N. W. 2d 50 (1969), which summarizes and quotes many of these cases. Our

---

[1] See, Cases and Briefs, 198 Minn. 96, R. 9.

earliest statement of this principle is in Combs v. Jackson, 69 Minn. 336, 337, 72 N. W. 565, 566 (1897):

"Where a bond is thus given, pursuant to the provisions of a statute, it must be construed in the light of the statute, and extended, as well as limited in its scope, to those cases contemplated by the statute, *unless violence would be done to the language of the bond by such construction.*" (Italics supplied.)

Generally, the italicized limitation, under which inconsistent bond language would prevail over the statute, has remained in subsequent restatements. See, for example, Ceco Steel Products Corp. v. Tapager, 208 Minn. 367, 370, 294 N. W. 210, 212 (1940). However, the principle has been modified to some extent in Smith & Wyman Co. v. Carlsted, 165 Minn. 313, 315, 206 N. W. 450, 451 (1925), as follows:

"* * * The decision * * * to the effect that, although the bond is intended for a statutory bond, obligations contrary to its plain reading cannot be imposed, do not preclude holding void a provision inserted in such a bond affecting the remedy contrary to the terms of the remedy provided by the statute."

The bond in Smith & Wyman imposed a shorter limitation period than the statute. Obviously, such a bond was contrary to the purposes of the statute:

"* * * It is to be noted that the time so fixed is much shorter than that of the general statutes of limitation, and is but right to assume that the legislature intended this limitation as short as might reasonably be made under the circumstances. A rush into court at the earliest opportunity does not, as a rule, promote settlements or adjustments of business difficulties and controversies growing out of the construction of large municipal structures where contractors, subcontractors, laborers and materialmen are involved, and it should be within the province of the legislature to fix terms and limit the time within which rights protected by the statutory bond required may be asserted in court.

We think the legislature so did * * * and that any provision in a bond or contract still further limiting the time for serving notice or bringing suit must be held of no effect as being unreasonable." 165 Minn. 316, 206 N. W. 451.

Thus, the state of our law after Smith & Wyman, unchanged by subsequent cases such as Ceco and Healy, is that the express language of the bond will prevail over inconsistent statutory provisions unless the purposes of the statute would be frustrated.

This is the first occasion we have had to consider whether a bond provision enlarging the statutory limitation period would frustrate the purposes of the statute. In Ceco Steel, we stated that the general purpose of the statute involved there (a substantially similar predecessor of Minn. St. 574.31)—

"* * * is to protect laborers and materialmen who perform labor or furnish material for the execution of a public work to which the mechanic's lien statute does not apply." 208 Minn. 370, 294 N. W. 212.

Clearly, a bond provision enlarging the time within which an action may be commenced on the bond does not diminish the protection afforded the subcontractor. Accordingly, we hold that the 1-year statute of limitations in Minn. St. 574.31 is only a minimum and does not preclude the parties from providing a longer limitation period in their bond.

Affirmed.