**WESTBROOK STATE BANK,**
**Respondent,**

v.

**AETNA CASUALTY AND SURETY**
**COMPANY, Defendant and Third**
**Party Plaintiff, Appellant,**

**Robert P. Wardin, Third Party**
**Defendant, Respondent.**

No. C5–88–2005.

Court of Appeals of Minnesota.

April 4, 1989.

Michael A. Stern, Minneapolis, for Westbrook State Bank.

Raymond L. Tahnk–Johnson, Robert E. Salmon, C.D. Knudson, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp

& Brennan, Minneapolis, for Aetna Cas. and Sur. Co.

Robert P. Wardin, St. Paul, pro se.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and MULALLY, JJ.*

## OPINION

FOLEY, Judge.

Aetna Casualty and Surety Company appeals from the judgment awarding respondent Westbrook State Bank damages for the depreciation to property during the pendency of a replevin action, where the property was in the possession of respondent Robert P. Wardin. We affirm.

## FACTS

Westbrook had a security interest in farm machinery owned by Wardin. In June 1983, Westbrook brought an action in replevin to recover that machinery. Wardin then filed a defendant's bond in replevin in accordance with Minn.Stat. § 565.25, subd. 2 (1982) in order to maintain possession of the property while the action was pending. This bond was issued by Aetna in the amount of $41,500 and provided as follows:

> The condition of this obligation is such, that if certain personal property described on Exhibit A (the "Property") alleged to be of the value of Thirty Three Thousand Two Hundred and no/100 ($33,200.00) Dollars shall be conveyed by Robert Wardin without the proceeds being paid to Plaintiff [Westbrook], the undersigned shall pay to said Plaintiff the amount of such proceeds not so paid to Plaintiff and upon such payment then this obligation shall be void.

Pursuant to Minn.Stat. § 565.25, the trial court approved the filing of the bond.

The replevin action was tried to the court in May 1986. The trial court held that Westbrook was entitled

to the immediate possession of the personal property * * * or, in the alternative, to a money judgment against respondent Wardin and SL & C Partnership in the sum of $30,000; that the value of the personal property * * * has depreciated in value in the amount of $25,500.

In August 1986, Westbrook obtained possession of the property and sold it at public auction. Westbrook received net proceeds of $10,025.50 from the sale. In May 1987, Westbrook brought an action to recover damages from Aetna for depreciation to the property. Aetna asserted a third party complaint against Wardin seeking reimbursement in the event Aetna was obligated to Westbrook.

In its order of October 1, 1987, the trial court denied Aetna's motion for summary judgment and granted Westbrook's motion to strike an election of remedies defense raised by Aetna. Aetna had asserted that Westbrook made an election of remedies by taking possession of the property rather than taking the money judgment.

In March 1988, the parties filed cross motions for summary judgment concerning damages and in doing so entered into a stipulation of facts upon which the motions would be decided. The parties agreed in this stipulation that if Aetna's election of remedies defense did not bar Westbrook's action on the rebond, then Westbrook was entitled to judgment against Aetna.

The trial court order of June 15, 1988 granted summary judgment in favor of Westbrook and against Aetna, and in favor of Aetna and against Wardin. The court ordered judgment to be entered in the amount of $19,974.50, which represented the difference between the value of the property at the time the rebond was filed ($30,000) and the amount obtained by Westbrook at the auction sale ($10,025.50), together with prejudgment interest from June 9, 1986. Aetna appeals.

## ISSUES

1. Is Westbrook's recovery on the replevin bond limited by the language of the bond?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

2. Does the election of remedies doctrine preclude Westbrook from recovering damages in an action on the bond for the depreciation in value of the replevined property?

## ANALYSIS

The facts of this case are not in dispute, and the scope of appellate review is whether the trial court erred in its application of law. The trial court's conclusions of law are not binding on an appellate court. *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 354 (Minn.1977).

█ 1. Aetna contends that the language of the bond limits Westbrook's recovery and that no provision in the bond obligates Aetna to pay for depreciation.

By virtue of the stipulation entered into by the parties in March 1988, it is clear that the parties have waived any rights they might have to object to the nature of the bond. The stipulation provides that it was entered into "to allow the Courts to rule upon the amount of [Westbrook's] damages, if any, subject to [Aetna's] defense regarding election of remedies." In paragraph 5 of the stipulation the parties agree that if Aetna's election of remedies defense is not a bar to Westbrook's action, then Westbrook is entitled to judgment against Aetna.

The terms of the bond were well known throughout the proceedings. Furthermore, the trial court in all of its orders refers to an action on the bond as a separate and distinct matter from the replevin action. In its order of June 12, 1986, the court stated:

It appears that depreciation in value is not a damage in a replevin action where the property is returned or bond is forfeited; but such depreciation is a damage to be recovered in an action on the rebond when the personal property is available for return.

In the order of October 1, 1987, the court stated:

It may be true that the replevin judgment has been satisfied but that does not, necessarily, satisfy the conditions of Wardin's rebond furnished by Aetna. Plaintiff has certain rights under the terms of this bond as well as the law which is part of that bond. These rights do not flow from the money judgment but from the judgment granting plaintiff right of possession, as well as the bond and statutes mentioned above.

Plaintiff seeks to recover the value lost by reason of depreciation between the time of rebond and the time that plaintiff obtained the right to possession. This is not a damage recoverable in the replevin action. This damage can only be recovered on an action on the bond.

The parties understood throughout the proceedings that the bond was to protect the bank and that the court was construing it in that manner. Any objections to the language of the bond were waived when the stipulation was signed.

In addition, where a bond is given pursuant to the provisions of a statute, the Minnesota Supreme Court has held that the bond

must be construed in light of the statute, and extended, as well as limited in its scope, to those cases contemplated by the statute, *unless violence would be done to the language of the bond by such construction.*

*Nelson Roofing & Contracting, Inc. v. C.W. Moore Co.*, 310 Minn. 140, 143, 245 N.W.2d 866, 868 (1976) (quoting *Combs v. Jackson*, 69 Minn. 336, 337, 72 N.W. 565, 566 (1897)). The general rule was modified to some extent as follows:

The decision * * * to the effect that, although the bond is intended for a statutory bond, obligations contrary to its plain reading cannot be imposed, do not preclude holding void a provision inserted in such a bond affecting the remedy contrary to the terms of the remedy provided by the statute.

*Nelson*, 310 Minn. at 143, 245 N.W.2d at 868 (quoting *Smith & Wyman Co. v. Carlsted*, 165 Minn. 313, 315, 206 N.W. 450, 451 (1925)). The court in *Nelson* summarized the state of the law by indicating that "the express language of the bond will prevail over inconsistent statutory provi-

sions unless the purposes of the statute would be frustrated." *Nelson,* 310 Minn. at 144, 245 N.W.2d at 868.

■ In this case, the bond was obtained in accordance with Minn.Stat. § 565.25, subd. 2, which provides that

> the respondent may retain or regain possession of the property by filing of a bond approved by the court conditioned that the property shall be delivered to the claimant, if delivery be adjudged, *and for payment to the claimant of any sum adjudged against the respondent.*

(Emphasis added.)

The provisions of Chapter 565 establish that replevin bonds provide indemnification for the deterioration or depreciation of replevined property. Minn.Stat. § 565.25, subd. 2(a) provides that in some circumstances the court may limit the right to retain the property for the purpose of preserving the property. In addition, Minn. Stat. § 565.251 provides that possession of property may be retained without filing a bond if certain conditions are met, one of which is making periodic payments to the claimant to cover the depreciation in the property.

Under *Nelson,* the bond must be construed in light of the statute and the language of the bond controls unless the purposes of the statute are frustrated. Although the language of this bond does not specifically cover depreciation, we conclude that the purposes of the statute are not met unless Westbrook is protected from damage to the value of the equipment while in Wardin's possession.

■ 2. Aetna also argues that there was an election of remedies by Westbrook. Aetna contends that since Westbrook chose to take possession of the property rather than the money judgment, Westbrook now is precluded from seeking damages for the depreciation in the property.

The purpose of the election of remedies doctrine is to prevent double redress for a single wrong. *Northwestern State Bank v. Foss,* 293 Minn. 171, 177, 197 N.W.2d 662, 666 (1972). Westbrook, however, re-

covered only the property in the replevin action and did not recover for the depreciation in the property until the action on the bond. Westbrook has two distinct causes of action and is not precluded by any election of remedies from recovering damages for depreciation. *See Washington Ice Co. v. Webster,* 125 U.S. 426, 8 S.Ct. 947, 31 L.Ed. 799 (1888).

Aetna relies on *Katz v. Hlavac,* 88 Minn. 56, 92 N.W. 506 (1902), which is distinguishable on its facts. In *Katz,* the appellant sought to recover depreciation on property which was in his own possession during the pending replevin action, and no recovery was allowed. In this case, however, Westbrook was not in possession of the property during the replevin proceeding and was not in a position to preserve the property. The bond insures that Westbrook's interest in the property will be protected, and the recovery of damages for depreciation is distinct from the replevin action for the return of the property.

### DECISION

Affirmed.