The **TRAVELERS INDEMNITY COMPANY**, Appellee,

v.

**HENNEPIN COUNTY, MINNESOTA**, Appellant.

No. 90–5010.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1990.

Decided Nov. 2, 1990.

---

Wayne G. Popham, Minneapolis, Minn., for appellant.

Dwight G. Rabuse, Washington, D.C., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

WOLLMAN, Circuit Judge.

Hennepin County, Minnesota, appeals from the district court's [1] grant of summary judgment for the Travelers Indemnity Company. We affirm.

I.

Travelers provided the performance bond for Witcher Construction Company, the original contractor for the construction of the Ridgedale Library and Service Center in Hennepin County, Minnesota. The County occupied the Library in February 1982, but continuing problems with water leakage, inadequate hardware installation, retaining wall movement, and cracking glass prevented the County's acceptance of the project architect's certification of substantial completion.

On June 6, 1985, Witcher refused to perform remedial work on the Library without additional compensation. The County sued Witcher, but failed to file a notice of claim with Travelers until July 13, 1988. Travelers commenced a declaratory judgment action, contending that the County's claim was time barred by the two-year limitations provision of Minnesota Statute § 541.051.[2] The district court granted summary judgment for Travelers, reconsidered, and then again found for Travelers, rejecting the County's argument that language in the bond superseded the two-year statute of limitations.

II.

The County argues that language added to the bond extends the limitations period on claims for any problems during construction until all work is completed on the project. The County alternatively argues that if the bond language does not supersede a statutory limitations period, Minnesota Statute § 574.31 is controlling, not § 541.051.

The added language on the face of the printed bond form provides that:

> This bond shall cover any and all warranty, guaranty or corrective periods provided by the contract documents and shall be in effect throughout the duration of such periods.

We agree with the district court that the language was not intended to extend the limitations period for bringing claims on the performance bond.

The statement that the bond "shall be in effect" merely allows for filing of claims under the bond on new defects that occur while corrections to old defects are being made. The County's argument ignores the

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

2. Section 541.051 provides:
   Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, * * * arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of the injury, shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property * * * more than two years after discovery thereof, nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction.

crucial difference between the effective period of bond coverage and the limitation period for bringing an action on a performance bond claim. We cannot agree that the effective period of a bond and the limitations period on bringing a claim on that bond can be concurrent. If they were, a claim arising at the end of the effective period would be barred immediately.

■ The County argues that Minnesota Statute § 574.31 controls the limitation on actions on this performance bond.[3] We agree with the district court that section 574.31 applies only to payment bonds. A performance bond guarantees timely completion of construction without defects. A payment bond, on the other hand, guarantees payment obligations to subcontractors and suppliers in the case of the contractor's insolvency.

The purpose of section 574.31 "is to protect laborers and materialmen who perform labor or furnish material for the execution of a public work to which the mechanic's lien statute does not apply." *Nelson Roofing & Contracting, Inc. v. C.W. Moore Co.*, 310 Minn. 140, 142, 245 N.W.2d 866, 868 (1976) (quoting *Ceco Steel Products Corp. v. Tapager*, 208 Minn. 367, 369, 294 N.W. 210, 212 (1940)). Protection of laborers and suppliers is consistent with the application of section 574.31 to payment bonds, not performance bonds.

Moreover, section 574.31's requirements simply do not fit performance bonds. A party has 90 days within which to bring a monetary claim under section 574.31 after a public body accepts a construction contract. Acceptance of a construction contract, however, operates as a waiver of any claims for readily ascertainable defects in construction under Minnesota law. *Spartan Mechanical, Inc. v. St. Paul Fire & Marine Ins. Co.*, 414 N.W.2d 476, 479 (Minn.Ct.App.1987). Thus, application of section 574.31 is incompatible with performance bonds, because the owner would have to waive any claims for ascertainable

defects by accepting the contract before he could comply with the section 574.31 notice requirement.

Minnesota Statute § 541.051 requires all actions for defects in improvements to real property to be initiated "within two years after discovery thereof." Suits against sureties on performance bonds for defective and unsafe conditions of real property are subject to this two-year statute of limitations. *Lake City Apartments v. Lund–Martin Co.*, 417 N.W.2d 704, 706 (Minn.Ct. App.), *rev'd on other grounds*, 421 N.W.2d 302 (Minn.1988). At the latest, the County's cause of action accrued in June 1985. We agree with the district court that because the County's notice of claim was not filed within two years of this date, the statute bars the County's action.

The district court's judgment is affirmed.

---

**3.** Section 574.31 provides in pertinent part that:
No action shall be maintained on any such bond unless within 90 days after the completion of the contract and acceptance thereof by the proper public authorities, the claimant shall file a written notice specifying the nature and amount of the claim and the date of furnishing the last item thereof[.]