**Kim A. NICHOLS, et al., Appellants,**

v.

**METROPOLITAN BANK, Defendant,**

**R.J. Control Service, et al., William Clayton Nelson, Western Surety Company, Respondents.**

No. C5–90–2067.

Court of Appeals of Minnesota.

April 9, 1991.

Review Denied June 18, 1991.

Richard J. Harden, Lovett & Associates, Ltd., Minneapolis, for Kim A. Nichols, et al.

Robert C. Halvorsen, St. Paul, for R.J. Control Service, et al.

Robert L. Meller, Jr., Best & Flanagan, Minneapolis, for Western Sur. Co.

Considered and decided by FORSBERG, P.J., and PARKER and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Kim Nichols was injured during the repossession of her automobile. Appellants commenced a claim against Metropolitan Bank, R.J. Control Service, and a R.J. Control Service's employee for damages resulting from the unlawful repossession of the automobile. Respondent Western Surety Company was joined as a defendant on the theory a surety bond it executed for R.J. Control rendered it liable for appellants' injuries. Appellants argue the trial court erred by granting Western Surety's motion to dismiss for failure to state a claim. We affirm.

## FACTS

On July 1, 1986 respondent Western Surety Company issued R.J. Control Service a $20,000 collection agency surety bond. R.J. Control is licensed as a collection agency. The bond was issued pursuant to Minn.Stat. § 332.33 (1986), which required Minnesota collection agencies to maintain a surety bond. The bond was effective from July 1, 1986 to June 30, 1987.

In June 1984 appellant Gary Nichols borrowed $10,342.22 from Metropolitan Bank to buy an automobile which he gave to his daughter, appellant Kim Nichols. After Gary Nichols defaulted on the loan, Metropolitan retained R.J. Control to repossess the automobile. During July 1986, while Kim Nichol's automobile was in her driveway, an R.J. Control employee reached into the automobile, wrenched the keys from her hand, and repossessed the automobile. She suffered a bruised wrist and missed several days of work.

Appellants commenced an action against Metropolitan, R.J. Control, and an agent of R.J. Control, alleging, among other things, assault and battery, conversion, and infliction of mental distress. In July 1989 Western Surety was joined as a defendant on the theory that the July 1986 surety bond rendered it jointly and severally liable for injuries caused by the automobile repossession. Western Surety moved to dismiss appellants' action for failure to state a claim. The trial court granted Western Surety's motion, concluding R.J. Control's repossession activity fell outside the definition of collection agency conduct. Ultimately, an offer of judgment was entered against R.J. Control and its employee for $8,000.00.

## ISSUE

Does a collection agency surety bond cover personal injury resulting from repossession activities?

## ANALYSIS

On appeal from an order dismissing an action for failure to state a claim upon which relief can be granted, the only question for the appellate court is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn. 1980).

■■■ Minnesota law requires a license to conduct a collection agency or engage in the business of collecting claims for others. Minn.Stat. § 332.33 (1986). Moreover, each licensee is required to file and maintain in force a collection agency surety bond. Minn.Stat. § 332.34 (1986). Pursuant to the statute, Western Surety issued Metropolitan a bond, which provides:

1. The purpose of this obligation, which is required by Minnesota Statutes, Section 332.34, is to secure the compliance by Principal with the terms of Minnesota Statutes, Sections 332.41 to 332.45, and any other legal obligations arising out of the Principal's conduct as a collection agency.

2. This bond is for the benefit of the State of Minnesota and all persons suffering damages by reason of Principal's failure to comply with Minnesota Statutes, Sections 332.31 to 332.-45 or other legal obligation arising out of Principal's conduct as a collection agency.

3. If Principal shall violate Minnesota Statutes, Sections 332.31 to 332.45, or other legal obligation arising out

of its conduct as a collection agency, the Commissioner of Commerce, as well as any person damaged as a result of such violation, shall have, in addition to all other legal remedies, a right of action on this bond in the name of injured party for loss sustained by the injured party.

Appellants contend the surety bond covers the injuries that resulted from R.J. Control's unlawful repossession of Kim Nichol's automobile. We disagree and hold that neither the statutory definition of collection agency nor the surety bond's provisions includes personal injury resulting from repossession activities. Therefore the trial court properly dismissed appellants' claim against Western Surety.

■ The bond's language makes clear coverage is limited to liability arising from collection agency activities. Yet the bond itself does not define collection agency. Where a bond is executed pursuant to a statute, the statute must be considered in construing the bond. *Nelson Roofing & Contracting, Inc. v. C.W. Moore Co.*, 310 Minn. 140, 143, 245 N.W.2d 866, 868 (1976). The statute requiring R.J. Control to maintain a surety bond defines collection agency as "any person engaged in the business of collection for others any account, bill or other indebtedness." Minn.Stat. § 332.31, subd. 3 (1986).

The fundamental aim of interpretation of a statute is to ascertain and give effect to the legislative intent. *Stawikowski v. Collins Elec. Constr. Co.*, 289 N.W.2d 390, 395 (Minn.1979). A statute is to be construed according to legislative intent which is to be sought in the language used in light of the subject matter, the occasion and necessity for the law and the consequences of a particular interpretation. Minn.Stat. § 645.16 (1990).

The collection agency statute is silent on repossession activities. The legislature could have included repossession in the definition of collection agency, but apparently chose not to include it. This silence implies the legislature intended to exclude repossession from the definition of a collection agency. Such a conclusion is bolstered by the fact the legislature only requires bonding of collection agencies and not repossession activity. Accordingly, it appears logical and reasonable that the legislature intended regulation of repossession activities to be governed by Article 9 of the Uniform Commercial Code. Minn.Stat. § 336.9–503 (1990). (Secured party may repossess collateral without judicial power if repossession may be accomplished without breach of the peace).

Furthermore, our reading of the collection agency statute indicates the legislature intended to protect creditors from misappropriation of funds by a collection agency, and not, as appellants contend, to indemnify collection agencies which unlawfully repossess collateral. To hold Western Surety liable under the 1986 bond would therefore result in a consequence not intended by the legislature.

Alternatively, the bond itself does not expressly include repossession as collection agency conduct. The role of judicial interpretation of a contract is to ascertain and give effect to the parties' intention. *Karim v. Werner*, 333 N.W.2d 877, 879 (Minn. 1983). The intent of the parties must be gathered from the entire contract and not from isolated clauses. *Country Club Oil Co. v. Lee*, 239 Minn. 148, 151, 58 N.W.2d 247, 249 (1953). Reading the surety bond as a whole, we conclude Metropolitan and R.J. Control neither intended nor anticipated coverage of personal injuries arising from unlawful repossession activities when they entered into the agreement.

Appellants reliance on *Graybar Electric Co. v. St. Paul Mercury Indem. Co.*, 208 Minn. 478, 294 N.W. 654 (1940) is misplaced. In *Graybar* the court noted licensing statutes should be broadly construed to protect citizens from injury by licensees. *See Id.* at 480, 294 N.W. at 655. The issue in *Graybar*, however, was not whether the bond's provisions covered the licensee's conduct, as here, but rather whether a right of action existed on the bond where one was not expressly provided. Because Minnesota does not license repossession ac-

tivities, a broad construction of the statute, which would cover repossession activities, is not warranted.

## DECISION

Because the surety bond does not cover personal injury resulting from repossession activities the trial court did not err by granting Western Surety's motion to dismiss for failure to state a claim.

Affirmed.