# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3500

_____

| | | |
|---|---|---|
| Thorson, Inc., a Minnesota corporation, | * * * | |
| Appellee, | * * | Appeal from the United States District Court for the |
| v. | * * | District of Minnesota. |
| First Community Insurance Company, a New York corporation, | * * * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 11, 2001

Filed: June 25, 2001

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

Thorson, Inc. sued First Community Insurance Company (FCIC) on a public contractor's payment bond furnished by FCIC. This is a case that is in federal court because of our jurisdiction in cases in which the plaintiff is a citizen of one state and

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

the defendant a citizen of another. The outcome is governed by the substantive law of Minnesota.

Thorson commenced its action within the limitation period provided in the bond, but not within the statutory limitation period provided in Minn. Stat. § 574.31 (1998). The District Court[2] denied FCIC's motion for summary judgment, concluding that Minn. Stat. § 574.26 (1998) does not preclude parties from providing a longer limitation period in their bond than that provided by the statute, that the limitation period provided in the bond governs the question whether Thorson's lawsuit was timely filed, and, applying that limitation period to the undisputed facts, that the lawsuit was timely. The parties having agreed that Thorson was entitled to summary judgment if its lawsuit was timely, the court granted Thorson's motion for summary judgment. In addition to entering judgment for Thorson on the bond, the District Court awarded Thorson attorney fees and costs pursuant to Minn. Stat. § 574.26 subd. 2.

FCIC appeals. Responding to the issues FCIC raises, we first hold that the District Court did not err as a matter of law by finding that the savings clause in the bond did not incorporate the relevant statute to supersede the longer period of limitation provided in the bond. Having reviewed the matter de novo, we are satisfied the District Court correctly read Nelson Roofing & Contracting, Inc. v. C. W. Moore Co., 245 N.W.2d 866 (Minn. 1976), and properly interpreted Minnesota law. As to attorney fees and costs, we believe the amounts awarded Thorson are not excessive, especially in view of the success achieved by Thorson's attorneys. In short, we discern no abuse of the District Court's broad discretion in its determination of the quantum of attorney fees and costs to be awarded.

The judgment of the District Court is affirmed. See 8th Cir. R. 47B.

---

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.