## FRANK W. SHANDORF v. STANDARD SURETY & CASUALTY COMPANY OF NEW YORK AND OTHERS.[1]

September 11, 1936.

No. 30,851.

*John E. Coughlin* and *Lucius A. Smith,* for appellant.
*Melrin, Brown & Sherman,* for respondents.

LORING, JUSTICE.

Action by an assignee and judgment creditor of an employe of a subcontractor in a state highway project to recover against the surety of the subcontractor and the general contractors and the surety on their bonds. The trial without a jury resulted in findings for defendants, and plaintiff appeals from the order denying his alternative motion for amended findings or a new trial.

The facts out of which this action arises are sufficiently stated in the opinion in No. 30,896, which is filed herewith. Shandorf v. Sampson, 198 Minn. 92, 268 N. W. 841. In this action, however, plaintiff alleged and proved the filing on August 13, 1932, with the commissioner of insurance, of the notice required by 3 Mason Minn. St. 1934 Supp. § 9705. This action was commenced February 2, 1934. The only determinative question is whether the trial court was correct in deciding that the action is barred because not brought "within one year after the filing of such notice."

[1]Reported in 268 N. W. 843.

Plaintiff's position is that "it seems to have been the intention of the legislature that a claimant against a public contractor would have 90 days after the completion of the contract and the acceptance thereof by the proper public authorities within which to file his claim and one year thereafter within which to commence action." The contract here in question was completed and accepted by the state highway commissioner February 16, 1933. It is argued that plaintiff had one year thereafter in which to bring this action rather than one year from August 13, 1932, when the notice was actually filed. We think that contention is unsound and cannot be upheld. The language of the statute is clear and unambiguous. It requires that the action be brought "within one year after the filing of such notice." Hence there is no room for construction.

Plaintiff's further contention that because judgment in the supplementary proceedings against defendant's employer (see Shandorf v. Sampson, 198 Minn. 92, 268 N. W. 841, filed herewith) was not entered until August 19, 1933 (six days after the expiration of one year from the filing of notice with the insurance commissioner), the action could not have been brought within the statutory period is also unsound. Those proceedings were separate and distinct from this action. Hence they can have no bearing so far as this action is concerned.

Plaintiff is not excused for failing to bring this action within the time required by statute because the Citizens National Bank was closed March 4, 1933, and has since undergone reorganization. The record discloses that at all times there were officials in charge of the bank's affairs who could have brought the action. Certainly this is not a case where "a person is prevented from exercising his legal remedy by some paramount authority" so that "the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right." St. P. M. & M. Ry. Co. v. Olson, 87 Minn. 117, 91 N. W. 294, 94 A. S. R. 693. Nor was there any fraudulent concealment or other act on the part of defendant that would toll the limitation of the statute in plaintiff's favor. See Andresen v. Thompson (D. C.) 56 F. (2d) 642. No more in point are the other cases cited for plaintiff.

The claim of plaintiff that the garnishment proceedings instituted against the respondents in August, 1932 (which culminated in the supplementary proceedings dealt with in the opinion in No. 30,896, Shandorf v. Sampson, 198 Minn. 92, 268 N. W. 841, filed herewith), constitute an action on the bonds so as to satisfy the requirements of the statute is unsound. This is an entirely separate and distinct proceeding. Even though that action was on the contractors' bonds and even though it may have been commenced within one year after the filing of the statutory notice, surely those facts could have no bearing in determining whether or not this action was brought within the statutory period of limitation.

For the reasons above stated, the order under review must be and is affirmed.