## FRANK W. SHANDORF v. JOE SAMPSON.
## MARTIN SEARS AND OTHERS, GARNISHEES; ERICKSON-JOHNSON CONSTRUCTION COMPANY AND OTHERS, APPELLANTS.[1]

September 11, 1936.

No. 30,896.

*Melrin, Brown & Sherman,* for appellants.
*John E. Coughlin* and *Lucius A. Smith,* for respondents.

LORING, JUSTICE.

Plaintiff is seeking by proceedings supplementary to garnishment to collect a judgment against defendant. The trial without a jury

[1]Reported in 268 N. W. 841.

resulted in findings of fact, conclusions of law, and order for judgment in favor of plaintiff. The garnishees appeal from the order denying their alternative motion for amended findings or a new trial.

The main action out of which this proceeding developed was commenced in August, 1932, by the Citizens National Bank of Faribault to recover on certain promissory notes and resulted in September, 1932, in a default judgment against defendant for upwards of $12,000. Defendant was then and is now insolvent, and no part of that judgment has been paid. Frank W. Shandorf, receiver of the bank, has by stipulation been substituted for it as plaintiff.

In October, 1931, the state highway department entered into a contract with Erickson-Johnson Construction Company and the R. B. Fraser Construction Company for the building of a section of trunk highway No. 21 in Rice county. They were bonded by the Seaboard Surety Company. In November, 1931, they sublet a portion of the contract to Martin Sears and Al Schneidler, doing business as the S. & S. Contracting Company. The subcontractors furnished a bond to the general contractors executed by the Standard Surety & Casualty Company. The defendant, Joe Sampson, furnished certain equipment, together with fuel and labor, to the subcontractor, S. & S. Contracting Company, in July and August, 1932, during the course of the work. The project was completed and accepted by the highway commissioner February 16, 1933.

At the time of the commencement of the main action by the bank against defendant, garnishment summonses were served on the principal contractors and their surety, the subcontractor and its surety, as well as the commissioner of highways and two others, the proceedings against whom are not now material. The principal contractors appeared and disclosed some $2,250 due the S. & S. Contracting Company under their contract, but no indebtedness due the defendant. The S. & S. Contracting Company disclosed an indebtedness to defendant of $3,334.65. The disclosures of the other garnishees showed no indebtedness to defendant and are not now material.

Thereafter plaintiff instituted supplementary proceedings against the S. & S. Contracting Company, which resulted, August 19, 1933,

in judgment in plaintiff's favor for $5,502. The other garnishees were not given notice of and did not appear in that proceeding. No part of the judgment has been paid except $793.09, and no appeal was taken therefrom.

In February, 1934, plaintiff commenced these proceedings supplementary to garnishment under 2 Mason Minn. St. 1927, § 9367, against the two general contractors, their surety, and the surety of the S. & S. Contracting Company. Prior thereto, on February 10, 1934, defendant sold and assigned to plaintiff all his claims against these garnishees arising out of the highway contract. In view of that assignment, there can be no question but that plaintiff stands in the same position as did defendant in regard to the liability of these garnishees on their contractors' bonds. It is also clear that any indebtedness on the contract of the principal contractors to the S. & S. Contracting Company would be subject to garnishment by plaintiff in a proper proceeding regardless of any bond. But in this case they were garnished on their indebtedness to defendant, and the theory of this action is that appellants were liable to defendant, and are liable to plaintiff only on their obligations under the bonds. No other basis of liability is sought to be established by the evidence, and it is clear that the decision below for plaintiff was based on the finding that the proceeding "was an action on the bonds of said garnishees."

The very premise of respondent's argument here is that in default of payment of plaintiff's claim by the S. & S. Contracting Company "the appellants become liable for the payment of same as garnishees—the claim being a sum due and owing to respondent *by virtue of the terms of the bonds.*" (Italics supplied.) Having taken that position, it is difficult to follow the argument advanced to sustain recovery, there being no showing that the statutory requirements for the maintaining of such an action have been complied with.

2 Mason Minn. St. 1927, § 9700, requires the giving of bonds by all contractors with the state. Section 9703 provides for the bringing of actions thereon. 3 Mason Minn. St. 1934 Supp. § 9705, provides that "no action shall be maintained on any such bond unless

within ninety days after the completion of the contract and acceptance thereof by the proper public authorities, the claimant shall file a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof, in the office of the commissioner of insurance  *  *  *  nor unless the action is begun within one year after the filing of such notice."

Though the obligations of the contractors as principals in the bond may become a part of their contract with the state for the benefit of defendant and of plaintiff as his assignee, a condition of that obligation to defendant or his assignee is compliance with 3 Mason Minn. St. 1934 Supp. § 9705. There was no allegation in the supplemental complaint, and plaintiff offered no proof that such notice was filed or that the proceedings were begun within one year thereafter. The statute clearly makes the filing of such notice condition precedent to the bringing of any action on contractors' bonds. It is conceded that this is such an action. There is no basis for plaintiff's argument that the matter is not properly before this court. The record shows that appellants at the trial objected to the admission of any evidence under the supplemental complaint, contending that it was fatally defective for failing to allege the filing of the statutory notice. They specified as error the overruling of that objection in their motion for a new trial and now assign it as error. Moreover, the sufficiency of the evidence to support the findings is also assigned as error.

It follows, therefore, that plaintiff is not entitled to recover in this action unless he can show timely notice and commencement of action. In view of the foregoing, the other questions become immaterial.

The order under review must be reversed and a new trial granted.