CECO STEEL PRODUCTS CORPORATION v.
CHRISTIAN M. TAPAGER AND OTHERS.
CALMAR MANUFACTURING COMPANY v. SAME.
GLENS FALLS INDEMNITY COMPANY, APPELLANT.[1]

October 4, 1940.

Nos. 32,576, 32,577.

[1]Reported in 294 N. W. 210.

*Orr, Stark & Kidder,* for appellant.
*Nelson & Plunkett,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiffs brought separate actions against defendant construction company and its surety upon bonds furnished by the contractor, pursuant to statutory direction requiring such, to protect laborers and materialmen who furnish labor or materials "for the doing of any public work." 3 Mason Minn. St. 1940 Supp. § 9700. The labor and materials here involved were furnished and supplied in the construction of two school buildings at Austin. In each action plaintiff alleged that the surety had waived compliance with our statute requiring claims so arising to be filed with the county auditor within 90 days after the completion and acceptance of the work. The court determined that the surety had waived this statutory requirement "by accepting said claim and advising plaintiff that it was investigating the same," and "that the reservation of rights * * * referred to the merits of the claim and not to the procedure adopted in filing the same." Judgments for the respective amounts sought plus attorneys' fees and disbursements were ordered. These were entered accordingly, and the surety appeals from each thereof.

The facts are not in dispute. The sole issue is whether upon the facts now to be recited the surety is liable by rea-

son of its waiver of the mentioned statutory requirement.

The work was completed and accepted on September 18, 1937. Neither plaintiff has filed its claim with the county auditor. On November 17 plaintiff in the first cause wrote the surety and the school district stating that it was "attaching the necessary exhibits setting forth an unpaid balance due" it from the construction company "for materials furnished in connection with the job named in the subject of this letter. We have been unable to accomplish collection of this balance from" the construction company "and are therefore desirous of filing with you this claim against funds due or to become due * * * in connection with their contract with you on this job. Will you kindly acknowledge receipt by return mail, and oblige." The surety promptly answered acknowledging receipt of the letter and enclosures. "We are at this time investigating the matter. You, of course, understand that this letter is written and our investigation is being made under a complete reservation of rights. It is our desire, however, to coöperate with you." On December 2, 1937, the plaintiff in the other action wrote the surety saying: "We are filing claim as per enclosed statement and ask that you kindly acknowledge receipt of same and oblige." A statement of its claim for labor and material furnished was enclosed. On December 8 the surety wrote: "We acknowledge registered letter of December 2nd enclosing statement of claim in connection with * * * jobs at Austin, Minn. The matter is receiving our attention." Then followed the same language in respect to reservation of rights as was contained in the letter to the plaintiff in the first action.

At the trial it was stipulated that both plaintiffs were ignorant of our statute requiring claims such as these to be filed in the office of the county auditor; likewise, that the surety was not aware that plaintiffs, or either of them, had not filed the claims as provided by the statute.

The statute (3 Mason Minn. St. 1940 Supp. § 9705) reads:

"*No action shall be maintained on any such bond unless within ninety days after the completion of the contract and acceptance thereof * * * claimant shall file a written notice* specifying the nature and amount of his claim and the date of furnishing the last item thereof, *in the office * * * of the county auditor* of the county * * * in which such municipal corporation, public board or body is situate, * * * The county auditor shall enter the time of filing every such notice in a book kept for that purpose which shall be properly indexed." (Italics supplied.)

Upon these undisputed facts the surety contends that the statutory provision quoted above had not been waived by it in either case; hence that the court's findings and resulting judgment are in both cases so lacking in factual foundation as to be without support to sustain the imposed liability.

■ The purpose of the statute (3 Mason Minn. St. 1940 Supp. § 9700) is to protect laborers and materialmen who perform labor or furnish material for the execution of a public work to which the mechanic's lien statute does not apply. The bond required and given by the act "stands as security for the payment of all obligations incurred by the contractor in the prosecution of the work, and the general rules and principles of the law of suretyship apply to and govern the rights of the parties." Wilcox Lbr. Co. v. School Dist. No. 268, 103 Minn. 43, 45, 114 N. W. 262, 263. Obviously, the surety is bound in the manner and to the extent of his obligation and no further. As such a bond is given because the statute requires it, it cannot be severed therefrom, "and the parties are deemed to have contracted with reference thereto. Such an instrument 'must be construed in the light of the statute, and extended, as well as limited in its scope, to those cases contemplated by the statute, unless violence would be done to the language of the

bond by such construction.'" Fay v. Bankers Surety Co. 125 Minn. 211, 214, 146 N. W. 359, 360, Ann. Cas. 1915C, 688.

■ As we have seen (§ 9705): "No action shall be maintained on any such bond unless * * * the claimant shall file" the notice as by that act required. It is a condition precedent which must be performed before the right to bring action on the bond accrues. As we recently said in Shandorf v. Sampson, 198 Minn. 92, 95, 268 N. W. 841, 842: "The statute clearly makes the filing of such notice [a] condition precedent to the bringing of any action on contractors' bonds." In that case the plaintiff offered no proof that the required notice was filed or that the proceedings were begun within one year after the completion and acceptance of the job. Such proof lacking, plaintiff was held not entitled to recover. We can see no distinction between the theory of law there applied and the present case. "The language of the statute is clear and unambiguous. * * * Hence there is no room for construction." (198 Minn. 96, 97, 268 N. W. 843.)

Plaintiffs, as the beneficiaries of the bond, must bear the burden of showing statutory compliance on their part before they can avail themselves of the benefits thereof. Grant v. Berrisford, 94 Minn. 45, 49, 101 N. W. 940, 1133.

■ The cases upon which plaintiffs rely, Benson v. Barrett, 171 Minn. 305, 214 N. W. 47; Ilg Elec. Ventilating Co. v. Conner, 172 Minn. 424, 215 N. W. 675; Standard Oil Co. v. Enebak, 176 Minn. 113, 116, 222 N. W. 573, are not helpful for the reason that under the statute as it then read (prior to the 1929 amendment, L. 1929, c. 369, § 2) claimants were not required to file notice with the county auditor but were required to serve such upon the contractor and the sureties. The cited cases related to the surety's waiver of defects in the form of notice served. If in the instant cases the law had remained as it was and plaintiffs had filed their notice with the county auditor but without giv-

ing the statutory notice to the contractor and his surety, would anyone contend that under the cited cases recovery might be had? We think not. Plaintiffs' causes of action were given them by virtue of the statute; hence the manner and means of enforcement must likewise be in accordance therewith. "Whatever right of action was in the claimant or liability on the part of the surety was conditioned upon the use of the statutory remedy. Divorced from that remedy the right and the liability are non-existent." People v. Metropolitan Surety Co. 211 N. Y. 107, 117, 105 N. E. 99, 102. *Cf*. Schisel v. Marvill, 198 Iowa, 725, 197 N. W. 662; Antrim Lbr. Co. v. Hannan (8 Cir.) 18 F. (2d) 548, 550; Francesconi v. Independent School Dist. 204 Iowa, 307, 214 N. W. 882.

■ The court's finding that the surety company "waived" statutory requirements respecting filing of notice we think is not sustainable. There is nothing in either of the letters indicating that any of its rights, statutory or otherwise, were to be limited or surrendered. On the contrary, it is said "our investigation is being made under a *complete* reservation of rights." The law giving plaintiffs their cause of action required strict observance on their part of the filing of such notice with the proper officer.

Each cause is reversed with directions to enter judgment for appellant.