STATE, BY J. A. A. BURNQUIST, ATTORNEY GENERAL, v. WM. O'NEIL SONS COMPANY AND OTHERS.[1]

January 17, 1941.

No. 32,510.

[1]Reported in 296 N. W. 7.

220

*Thomas H. Quinn* and *Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, *Louis B. Brechet,* Special Assistant Attorney General, and *Charles P. Stone,* Special Counsel, for the State.

JULIUS J. OLSON, JUSTICE.

The corporate defendant appeals from an order denying its motion for amended findings or a new trial.

The suit was brought under the declaratory judgments act for a construction of 1 Mason Minn. St. 1927, § 2554(17), "and the legal effect thereof," as applied to a contract bearing date May 11, 1937, whereby defendant agreed to construct an interstate bridge and approaches thereto between the cities of Moorhead, Minnesota, and Fargo, North Dakota.

The court found that defendant proceeded with "the work to be performed under said contract," and that it "was completed" on June 22, 1938. Nothing was done until September 23, when defendant served its demand for arbitration pursuant to said § 2554(17). The only issue is whether timely demand for arbitration was made.

So far as here material that statute provides:

"That no right to demand arbitration shall accrue until the work provided for in the contract shall have been in all things completed. * * * *but the question whether or not such contract has been completed may be submitted to arbitration, together with any other controversies as hereinabove specified.*

"Provided, further, that no more than one arbitration shall be had on questions, claims or controversies growing out of the same contract. *Nor shall any such arbitration be demanded after a period of more than sixty (60) days from the date of the completion of the work under such contract.*" (Italics supplied.)

The contract provides:

"All work on this contract shall be finally completed on or before June 1, 1938. * * * Time is of the essence of this provision for prompt completion, and if the Contractor shall fail to complete the work within the time herein specified, the State will deduct from the unpaid part of the contract price, or if no moneys shall be due the Contractor, the State shall have the right to recover an amount equal to Thirty Dollars ($30.00) per day for each and every working day thereafter during which the contract shall remain unfinished and incomplete, this amount being hereby agreed upon as liquidated damages in lieu of actual damages occasioned by such delay."

Defendant's position is that the time of completion is to be construed as of the date the state accepts the work, in this case July 29, 1938, when the department issued its final estimate. It maintains that "completion of the work" under such contract means that the work is "finished to the satisfaction of the state" only where there is acceptance in the form of a final estimate; also,

that the highway department had so construed the law in its past dealings with contractors. It is the state's view, and the trial court agreed, that the law "expresses a limitation or condition on the time within which a demand for arbitration may be made" in language which "is clear and unambiguous"; hence, there being no ambiguity, that there is no room for "either practical or judicial construction."

What defendant agreed to do was to build this bridge and the approaches. The "work under such contract" related to this and nothing else. So, in the language of the statute, "the question whether or not such contract has been completed" can refer to nothing else than "work" done thereunder. Nothing is said about "acceptance" of the work by the state. Were we to construe the statute as defendant would have us do, absurd and unjust results might well follow. To illustrate: If the state were now to charge defendant $30 per day as liquidated damages from the time the work was actually completed until the final certificate was issued, would not everyone, and especially defendant, make the opposite argument to that now presented? Yet that result could as logically follow if the statute were amended to read "sixty days from the date of completion *and acceptance* of the work under such contract."

■ "A practical construction of anything written * * * is but an aid to interpretation, not to be resorted to unless such an aid is required." While " 'all the circumstances must be considered which go to make clear the sense of the words' * * * when that sense is made or becomes plain, the process of interpretation ends. * * * Resort cannot then be had to the extraneous to obscure what is already clear, and so start again the process of construction." State ex rel. University of Minnesota v. Chase, 175 Minn. 259, 272, 273, 220 N. W. 951, 956.

■ As the language of the statute is clear, we have no right to read into it the provision contained in 2 Mason Minn. St. 1927, § 9705, relating to public contractors' bonds, since there the requirement to set the limitation in motion is that there must be

"completion of the contract *and acceptance*" of the building or other work by the "proper public authorities." *Cf.* Ceco Steel Products Corp. v. Tapager, 208 Minn. 367, 294 N. W. 210.

■ Another claim urged is that a contractor does not know when his job is finished unless and until he is furnished with a final estimate. That seems rather a farfetched claim. Here the "work" on the job ended June 22, 1938. The workmen no longer remained, and all equipment was removed. If at that time or within 60 days thereafter defendant thought that arbitration was needed and if it was in doubt about whether the work was completed, under the statute it could have demanded that such question be submitted to arbitration, "together with any other controversies" then deemed to be in existence. The final estimate, made July 29, stated the date of completion of the work to be "6-22-38." There was then ample time to make the statutory demand. Defendant cannot complain since it must be held to know that "the legislature may prescribe such terms and conditions" for the right of "recovery" against the state "as it deems appropriate." Westerson v. State, 207 Minn. 412, 415, 291 N. W. 900, 902.

Order affirmed.

