**WM. COLLINS, INC., Plaintiff and Respondent,**

**v.**

**SOUTH DAKOTA STATE BOARD OF TRANSPORTATION et al., Defendants and Appellants.**

**No. 12266.**

Supreme Court of South Dakota.

Argued Sept. 12, 1977.

Decided March 29, 1978.

---

13. *Arbach v. Gruba*, S.D., 232 N.W.2d 842 (1975); *State v. Kindvall*, 86 S.D. 91, 191 N.W.2d 289 (1971).

Ronald G. Schmidt of Schmidt & Schroyer, P.C., Pierre, for plaintiff and respondent.

Carl W. Quist and David L. Zuercher, Asst. Attys. Gen., Pierre, for defendants and appellants; William J. Janklow, Atty. Gen., Pierre, on the brief.

PORTER, Justice.

## CASE SUMMARY

This is an appeal from the judgment of the circuit court granting the plaintiff's (Collins) motion for summary judgment as to count one of its complaint (the parties having stipulated to the dismissal of plaintiff's counts two and three), and awarding the plaintiff $56,384.66, plus interest. We conclude that summary judgment should not have been granted, and reverse and remand for trial on the merits.

## FACTS

On February 18, 1972, the plaintiff, Collins, and defendant, South Dakota State Board of Transportation (Board), entered into a construction contract for base course and asphalt surface treatment of a state highway in Stanley County, South Dakota. In addition to the written provisions in the agreement, the contract expressly included within its terms the Standard Specifications for Roads and Bridges, 1969 Edition, with certain modifications. The contract provided "that the work embraced under this contract shall be completed on or before September 1, 1972 unless such date of completion be set at a later date as is specifically provided for in the specifications. . ."

Collins was granted an extension of ten working days through construction change orders properly executed pursuant to the contract specifications. An additional sixteen working day extension was granted for reasons beyond Collins' control, which caused it to be unable to complete the work within the time scheduled.[1] Therefore, the date for completion was extended by a total of twenty-six working days from September 1, 1972, to June 8, 1973. The project was not actually completed, however, until July 15, 1974.

On June 11, 1975, Collins initiated the action from which this appeal arises. Count one of the complaint requested $56,-384.66 damages for careless and negligent designation of a non-existent haul road in the contract plans and improper and negligent statements by the Board; count two requested $11,340.00, the amount of liquidated damages assessed against Collins for an overrun of time of eighty-one working days at $140.00 per day; and count three requested $2,400.00 for additional roadway shaping costs for 9.6 miles of road at $250.00 per mile. On October 10, 1975, the Board made a motion for summary judgment, alleging that the applicable statute of limitations barred Collins' claim. On October 18, 1975, Collins made a motion for summary judgment, stating, in part, that there was no genuine issue as to any material fact, that by waiting over two years to act on Collins' request for a time extension the Board had waived its right to assert the statute of limitations, and that the statute of limitations had not barred Collins' claim. On May 11, 1977, Collins and the Board stipulated and agreed that counts two and

three of Collins' complaint would be dismissed in their entirety, pursuant to SDCL 15–6–41(a)(1).[2] The final judgment of the trial court was entered May 11, 1977, denying the motion for summary judgment by the Board, dismissing counts two and three of Collins' complaint, and granting Collins summary judgment as to count one in the amount of $56,384.66, plus interest. The Board appeals from the judgment.

## ISSUES

The following issues are dealt with on appeal:

*Issue One*—Was Collins' cause of action against the Board barred by the statute of limitations embodied in SDCL 31–2–37?

*Issue Two*—Was Collins entitled to summary judgment on count one of its complaint?

## DECISION

*ISSUE ONE*

We conclude that the statute of limitations embodied in SDCL 31–2–37 did not bar Collins' cause of action against the Board, because the two year time limit had not expired when Collins initiated action under the contract. SDCL 31–2–37 provides:

> Actions against the state of South Dakota authorized under the provisions of § 31–2–34 shall be instituted within two years from the date of the completion of the work as provided under the terms of that particular contract or contracts.

SDCL 31–2–34[3] in pertinent part provides that the state of South Dakota may be sued

---

1. Although Collins made the request for this extension in August, 1972, the Board did not make its decision until April 24, 1975.

2. SDCL 15–6–41(a)(1) in pertinent part provides:

 (1) By Plaintiff; by Stipulation. Subject to the provisions of § 15–6–23(e), of 15–6–66, and of any statute of this state, an action may be dismissed by the plaintiff without order of court

 . . . . .

(b) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

3. SDCL 31–2–34 in full provides:

 The state of South Dakota may be sued and made defendant in any court in which an action is brought against the South Dakota department of transportation respecting any claim, right, or controversy arising out of the work performed, or by virtue of the provisions of any construction contract entered into by the South Dakota department of transportation. Any such action shall name

for claims, rights, and controversies arising out of the work performed, or by virtue of the provisions of any construction contract entered into by the South Dakota Department of Transportation.

 The Board contends that the "date of the completion of the work" provided in SDCL 31–2–37 means the specified completion date in the contract, or the specified completion date plus any extensions granted pursuant to the contract specifications. We disagree with this contention. The statute does not say two years from the date on which the contract work is specified to be completed; rather, it says two years from the date of the completion of the work as provided under the terms of that particular contract or contracts. If the legislature had intended the statute of limitations to run from the completion date specified in the contract, it simply would have stated it that way. The words "under the terms of that particular contract" include the whole contract, not just the statement specifying the completion date. The terms of this particular contract define work as follows: "Work shall mean the furnishing of all labor, materials, equipment, and other incidentals necessary to the successful completion of the project." Standard Specifications for Roads and Bridges, 1969 Edition, § 1.70. The furnishing of all labor, materials, equipment, and other necessary incidentals was not complete in this project until July 15, 1974. Therefore, under the terms of this contract the statute of limitations embodied in SDCL 31–2–37 did not start to run until July 15, 1974, and Collins' initiation on June 11, 1975, of the cause of action from which this appeal arises was timely.

*State v. Wm. O'Neil Sons Co.*, 209 Minn. 219, 296 N.W. 7 (1941), dealt with the construction of a statute of limitations similar to the one we have before us in the present case. *O'Neil* involved a contract for construction of an interstate bridge in Minnesota. The contract provided for arbitration of claims or controversies arising out of the contract, and the only issue presented on appeal was whether timely demand for arbitration was made. The applicable statute of limitations provided: "Nor shall any such arbitration be demanded after a period of more than sixty (60) days from the date of the completion of the work under such contract." The contract provided that all work should be finally completed on or before June 1, 1938. The Supreme Court of Minnesota concluded that the "work" on the job ended June 22, 1938, and that the sixty day statute of limitations started to run from that date. The court concluded that the work was "completed" for purposes of the statute of limitations on June 22, 1938, because the "workmen no longer remained, and all equipment was removed." *Id.* at 223, 296 N.W. at 9. Similarly, the work in the present case was not completed within the meaning of SDCL 31–2–37 until July 15, 1974, when the workmen no longer remained and all equipment was removed.[4] Our interpretation of SDCL 31–2–37 coincides with the interpretation of the statute in *O'Neil, supra.* We conclude that the statute of limitations embodied in SDCL 31–2–37 did not bar Collins' cause of action against the Board.

*ISSUE TWO*

 We conclude that Collins was not entitled to summary judgment on count one of its complaint because it failed to establish a prima facie case for judgment in its favor.

In count one of the complaint, Collins requested $56,384.66 damages for the dis-

---

the South Dakota department of transportation as defendant and the venue for trial shall be the county where all or part of the construction work was performed.

4. We note that § 8.8 of the Standard Specifications for Roads and Bridges, 1969 Edition, provides that if the contractor should discontinue prosecution of the work under the contract or fail to carry on the work in an acceptable

manner, the Department of Highways has full power and authority without violating the contract, to take the prosecution of the work out of the hands of the contractor. Thus, the State is protected from undue delay on the part of the contractor resulting in an extension of the date from which the statute of limitations would begin to run according to our interpretation of SDCL 31–2–37.

pute concerning the haul road used for the project. Collins alleged that because of negligent designation of a non-existent haul road by the Board in the contract plans, Collins was forced to use an alternate haul road route, resulting in an increase of the average haul. Paragraph fifteen of Collins' complaint stated, "Plaintiff protested, gave notice, demanded extra compensation, and performed all conditions precedent to its claims." In its answer the Board stated, "Defendants deny paragraphs 8 through 17 inclusive of Count one and specifically deny conditions precedent were performed as written agreements prior to doing claimed extra work were not made pursuant to contract." Collins' motion for summary judgment on October 18, 1975, was accompanied by an affidavit of Neil Zimmerman, Collins' project superintendent responsible for supervision of the work on the Stanley County project. Zimmerman's lengthy affidavit incorporated Collins' complaint by reference, and made extensive statements in support of Collins' claim.

Although the Board filed no evidentiary material opposing Collins' motion for summary judgment, it contends that the motion should have been denied because of Collins' failure to establish a prima facie case. We agree with this contention. SDCL 15–6–56(e) [5] provides in part:

> When a motion for summary judgment is made and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In the present case the Board relied on the allegations in its pleadings. Therefore, according to the statute, summary judgment should be entered, *if appropriate, and supported as provided in § 15–6–56*. The burden, however, is on the moving party to show that there are no genuine issues of material facts and that summary judgment is appropriate in this case. *Hughes-Johnson Co. v. Dakota Midland Hospital*, 86 S.D. 361, 195 N.W.2d 519 (1972).

■ As discussed earlier, Collins alleged in its complaint that it had performed all conditions precedent to its claims, which allegation was denied by the Board in its answer. Collins' $56,384.66 claim in count one of its complaint is a request for payment for extra haul of materials. Section 9.3 of the Standard Specifications for Roads and Bridges, 1969 Edition, which was incorporated in the contract between Collins and the Board, provides:

> PAYMENT FOR EXTRA HAUL OF MATERIALS—When, through no fault of the Contractor, subbase, base course, and surfacing materials (including clay and·filler) cannot be secured and used as shown on the plans and an increase in the average haul provided in the contract results, *or changes from the plans cause an increase in the average haul*, an adjustment will be made therefor at the rate of six (6) cents per ton mile. Average haul provided in the contract is obtained by dividing the haul units shown in the contract for a material by the contract quantity of the material. Payment for extra haul as provided herein shall be understood to be full compensation for moving equipment, delays in operation, additional labor, equipment and all other costs involved. *Extra haul shall be included as a new item on a Construction Change Or-*

5. SDCL 15–6–56(e) in full provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by deposi-

tions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in § 15–6–56, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*der and approval obtained prior to performing the work.* [Emphasis added]

This section of the specifications establishes that the approval of a construction change order prior to performing the work is a condition precedent to Collins' recovery of its claim for payment for extra haul of materials. Because the Board denied in its answer that Collins had performed all conditions precedent to its claim, we must examine Zimmerman's affidavit in support of Collins' motion for summary judgment to see if the affidavit was sufficient in substance and form to establish a prima facie case in accordance with the allegations in the complaint. *See Hughes-Johnson Co. v. Dakota Midland Hospital, supra.* Nothing in Zimmerman's affidavit indicates that a construction change order was issued prior to the extra haul. Because the issuance of a construction change order is a condition precedent to Collins' recovery of its claim for payment for extra haul under section 9.3, we conclude that the evidentiary material offered in support of its motion for

summary judgment was insufficient to establish a prima facie case since Collins failed to show compliance with the specifications requiring the change order. When determining if a prima facie case was established, even if we assume, without deciding, that recovery could be made in this instance under section 4.2 [6] or section 5.17 [7] of the specifications, a careful examination of the record discloses that there was no affirmative showing of compliance with either of those sections. Whether such a showing could be made at trial on the merits is a question we, of course, cannot consider on the record before us. Since the contract in its entirety is a part of Collins' complaint, its failure to affirmatively show compliance with any of the sections discussed above constitutes a failure to establish the allegations of its complaint.

■ Therefore, in light of the foregoing, the Board was not required to defend against Collins' motion.[8]

The 1963 amendment [the last two sentences of SDCL 15–6–56(e)] implicitly

---

**6.** Section 4.2 of the Standard Specifications for Roads and Bridges, 1969 Edition, as modified by the terms of this contract provides, in part:

> The Department reserves the right, at any time during the progress of the work, to make such increases or decreases in quantities and such alterations in the details of construction, including alterations in the grade or alignment of the road or structure or both, as may be found necessary or desirable. Such increases or decreases and alterations shall not invalidate the contract nor release the surety, and the Contractor agrees to accept the work as altered, the same as if it had been a part of the original contract. Alterations of plans shall not involve or require work beyond the termini of the original proposed construction unless and until either (a) a covering supplemental agreement acceptable to both parties has been executed, or (b) a change order as defined in Section 1.9 is issued to the effect that the work is to be performed as force account work in accordance with the provisions of Section 9.5.

> . . . . .

> Increases or decreases in contract quantities without an alteration of plans will not be considered justification for adjustment in payment.

> . . . . .

**7.** Section 5.17 of the Standard Specifications for Roads and Bridges, 1969 Edition, provides:

> If, in any case, the Contractor deems that additional compensation is due him for work or material not clearly covered in the contract or not ordered by the Engineer as extra work, as defined herein, the Contractor shall notify the Engineer in writing of his intention to make claim for such additional compensation before he begins the work on which he bases the claim. If such notification is not given, and the Engineer is not afforded proper facilities by the Contractor for keeping strict account of actual cost as required, then the Contractor hereby agrees to waive any claim for such additional compensation. Such notice by the Contractor, and the fact that the Engineer has kept account of the cost as aforesaid, shall not in any way be construed as proving or substantiating the validity of the claim. If the claim, after consideration by the Engineer, is found to be just, it will be paid as extra work as provided herein for force account work. Nothing in this Section shall be construed as establishing any claim contrary to the terms of Section 4.2.

**8.** Collins cites *Hughes-Johnson Co. v. Dakota Midland Hospital*, 86 S.D. 361, 195 N.W.2d 519 (1972), to support its contention that summary judgment was properly granted because the Board failed to offer evidentiary materials in opposition to Collins' motion. *Hughes-Johnson* is distinguishable and not in conflict with our

recognizes that there are situations in which no defense will be required; in some situations this is true even though a motion for summary judgment has been supported by affidavits or other evidentiary material. Rule 56(e) states that a defense is required only if the motion for summary judgment is "supported as provided in this rule" and that even if the opposing party fails to submit counter-evidence, summary judgment shall be entered only "if appropriate." Furthermore, the Advisory Committee stated in its Note: "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.*" Wright and Miller, Federal Practice and Procedure, § 2739, 716–17 (footnotes omitted).

A motion for summary judgment will be granted only if, after taking the view of the evidence most favorable to the party against whom the summary judgment is sought, *Janklow v. Keller*, S.D., 241 N.W.2d 364 (1976), it appears there is no genuine issue as to any material fact and that the party seeking the summary judgment is entitled to it as a matter of law. *Poppenga v. Cramer*, S.D., 250 N.W.2d 278 (1977). We conclude that Collins did not meet its burden of demonstrating that no issue of fact existed concerning the performance of all conditions precedent to its recovery for extra haul, and summary judgment on count one of its complaint should not have been granted. We, therefore, reverse and remand for trial on the merits.

All the Justices concur.

decision in the present case. In *Hughes-Johnson* the affidavit filed by the moving party in support of his motion for summary judgment was sufficient in form and substance to establish a prima facie case in accordance with the allegations in his complaint, which placed the burden on the party opposing the motion to offer evidentiary material raising a genuine issue of fact for trial. In contrast to the actions of the moving party in *Hughes-Johnson*, Collins failed to establish a prima facie case, which would have required the Board to offer evidentiary material raising a genuine issue of fact for trial.