**UNITED GUARANTY COMMERCIAL INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**John J. MAKENS, Gene Hartman, and Charles Larkin, Jr., Defendants and Appellees.**

**No. 13151.**

Supreme Court of South Dakota.

Argued Oct. 16, 1980.

Decided Feb. 4, 1981.

John A. Schaeffer, Flandreau, Patrick R. Grady of Newport & Buzzell, Davenport, Iowa, for plaintiff and appellant; Arthur L. Buzzell of Newport & Buzzell, Davenport, Iowa, on the brief.

Frederic R. Moulton, Clark, for Makens.

W. A. Hackett of Austin, Hinderaker & Hackett, Watertown, for Hartman and Larkin.

MILLER, Circuit Judge.

Appellant seeks reversal of the summary judgment granted in favor of appellees. We affirm.

Both appellant and appellees moved for summary judgment, generally agreeing that the complicated facts are not in dispute. *Wm. Collins, Inc. v. S. D. State Bd. of Transp.,* 264 N.W.2d 491 (S.D.1978) and *Salmon v. Bradshaw,* 84 S.D. 500, 173 N.W.2d 281 (1969).

There does not appear to be a genuine issue as to material facts. *Wilson v. Great Northern Railway Company,* 83 S.D. 207, 157 N.W.2d 19 (1968). A legal issue, however, is present as to whether a certain payment made by appellant to one Inland-Ryerson Construction Products Company was in reality (1) a payment made pursuant to its obligations under a certain lease guaranty policy; (2) a payment to mitigate its damages under said policy; or (3) a separate payment to obtain its release from future obligations under said policy.

The trial court in granting summary judgment held that as a matter of law, when considering the unique facts presented, the payment made by appellant was one whereby it was seeking and obtaining release from its future obligations under the policy and that it was not made pursuant to

any past obligations thereunder or for the purpose of mitigating its damages.

In this appeal we are viewing the evidence most favorable to the party against whom summary judgment was entered. *Wm. Collins, Inc. v. S. D. State Bd. of Transp.*, supra. We have reviewed the trial court's determination and agree with its determination and the summary judgment entered. *Metro. Util. Dist., Etc. v. Fid. & Dep. Co. of Maryland*, 200 Neb. 635, 264 N.W.2d 854 (1978); *Walter E. Heller & Company v. Allen*, 412 S.W.2d 712 (Tex.Civ. App.1967); *United States Leasing Corpora-tion v. duPont*, 69 Cal.2d 275, 70 Cal.Rptr. 393, 444 P.2d 65 (1968).

Affirmed.

All the Justices concur.

MILLER, Circuit Judge, sitting for FOSHEIM, Justice, disqualified.