**SPETZ & BERG, INC., Appellant,**

v.

**LUCKIE CONSTRUCTION CO., INC., Defendant,**

**Balboa Insurance Company, Respondent.**

**No. C1-84-596.**

Court of Appeals of Minnesota.

Aug. 21, 1984.

Review Denied Nov. 9, 1984.

A. H. Michals, Minneapolis, for appellant.

Jerrold J. Sullivan, St. Paul, for respondent.

Considered and decided by WOZNIAK, P.J., and SEDGWICK, and LESLIE, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is an appeal from a judgment dismissing Appellant Spetz & Berg, Inc.'s claim against Respondent Balboa Insurance Company, as a surety, for unpaid labor and materials provided as a subcontractor in the improvement of public property. The sole issue on appeal is whether Spetz & Berg was required to comply strictly with the notice of claim requirements of Minn. Stat. § 574.31 (1929) as a condition precedent to the maintenance of its action against Balboa. We affirm.

## FACTS

The Minneapolis Community Development Agency ("MCDA") contracted with defendant Luckie Construction Co., Inc. to construct four new single-family dwellings. As required by law, Balboa Insurance Company provided a surety bond to MCDA covering the contract with Luckie. Spetz & Berg, Inc. subcontracted the interior plumbing from Luckie at a price of $14,960, of which $7,960 is still outstanding.

On September 23, 1982, the project was completed and accepted, and final disbursement was authorized. Fifty days later, on November 12, 1982, Spetz & Berg served, by certified mail upon Luckie and MCDA, a mechanic's lien statement for the amount owed. On November 22, 1982, Spetz & Berg sent a copy of the mechanic's lien

statement to Balboa's general agent for underwriting bonds, together with a request that the lien be satisfied pursuant to the terms of the bond. On December 14, 1982, eighty-two days after acceptance, the underwriter acknowledged receipt of the claim, and advised that Spetz & Berg would be contacted upon completion of an investigation. A copy of this letter was sent by the underwriter to a claims examiner at Balboa's home office.

Spetz & Berg were not contacted again by Balboa until January 18, 1983, after the 90-day statutory period for filing the claim had expired. Balboa denied payment because no notice had been filed with the county auditor pursuant to Minnesota Statutes Section 574.31. Balboa also demanded that Spetz & Berg satisfy its mechanic's lien of record, which was done.

In February, 1983, Spetz & Berg commenced this action against Balboa and Luckie. A default judgment was obtained against Luckie, but collection has proven unsuccessful. Cross-motions for summary judgment were submitted by Balboa and Spetz & Berg. Balboa claimed that the notice provisions of Minnesota Statutes Section 574.31 were a condition precedent to the maintenance of an action on a bond, and that Spetz & Berg's failure to file notice with the county auditor within 90 days of completion precluded the present action. Spetz & Berg claimed that it had substantially complied with the notice requirements of Section 574.31 by giving Balboa actual notice of its claim within the 90-day statutory period. The trial court denied Spetz & Berg's motion and entered judgment for Balboa.

## ISSUE

Is strict compliance with the notice of claim requirements of Minnesota Statutes Section 574.31 (1929) a condition precedent to the maintenance of an action against a surety on a contractor bond?

## ANALYSIS

Minn.Stat. § 574.31 (1929) provides:

No action shall be maintained on any such bond unless within 90 days after the completion of the contract and acceptance thereof by the proper public authorities, the claimant shall file a written notice specifying the nature and amount of his claim and the date of furnishing the last item thereof ... in the office of the auditor of the county letting the contract ....

The Minnesota Supreme Court has consistently held that compliance with Section 574.31 is a condition precedent to maintaining an action against a surety on a contractor bond.

In *Shandorf v. Sampson*, 198 Minn. 92, 95, 268 N.W. 841, 842 (1936), the court stated:

Though the obligations of the contractors as principals in the bond may become a part of their contract with the state for the benefit of defendant and of plaintiff as his assignee, a condition of that obligation to defendant or his assignee is compliance with Mason's Minn.St. 1927 (1939 Supp.) § 9705 [§ 574.31]. There was no allegation in the supplemental complaint, and plaintiff offered no proof that such notice was filed .... The statute clearly makes the filing of such notice condition precedent to the bringing of any action on contractors' bonds.

. . . . .

It follows, therefore, that plaintiff is not entitled to recover in this action unless he can show timely notice ....

In *Ceco Steel Products Corp. v. Tapager*, 208 Minn. 367, 294 N.W. 210 (1940), the issue was whether the surety waived the statutory requirements. Neither plaintiff had filed the necessary notice with the county auditor, although both had given actual notice to the defendant surety by letter within the 90-day statutory period. The surety had acknowledged the receipt of both letters. The court recognized that the purpose of the statute "is to protect laborers and materialmen who perform labor or furnish material for the execution of a public work to which the mechanic's lien statute does not apply." *Ceco*, 208 Minn.

at 371, 294 N.W. 210. The court quoted with approval the above language from *Shandorf,* and then ordered judgment for the surety, stating: "The law giving plaintiffs their cause of action required strict observance on their part of the filing of such notice with the proper officer." *Ceco,* 208 Minn. at 372, 294 N.W. 210.

In *Grazzini Bros. & Co. v. Builders Clinic, Inc.,* 280 Minn. 540, 543, 160 N.W.2d 259, 261 (1968), the City of Minneapolis attempted to assert an indemnity claim against a surety on a bond for a public work. The court affirmed a summary judgment in favor of the surety, reasoning that a subcontractor who had failed to comply strictly with Section 574.31 could not prevail against the city, and that consequently the city could have no claim against the surety. Citing *Ceco,* the court stated, "Compliance with the statute is a condition precedent to an action on the bond by a materialman." *Grazzini,* 280 Minn. at 544, 160 N.W.2d 259.

Finally, in *Mineral Resources, Inc. v. Mahnomen Construction Co.,* 289 Minn. 412, 184 N.W.2d 780 (1971), the court made it clear that strict compliance was necessary and that under no circumstance could there be a waiver of the statutory notice requirement:

> The general rule is that if a condition precedent prevents the accrual of a right, performance of the condition precedent may not be waived by a defendant to an action. Because we stated in *Ceco Steel Products Corp. v. Tapager, supra,* that the evidence did not sustain the trial court's finding that the surety waived the defense of failure to file notice, plaintiff contends that the case did not hold that there could under no circumstances be waiver of the notice requirement. However, we think that such a holding necessarily follows from our statement there that a materialman's *right* to bring an action on the bond is nonexistent in the absence of strict compliance with the statutory requirement of filing notice. We accordingly hold that, because of its failure to file the notice required by

§ 574.31, plaintiff is barred from maintaining this action . . . .

289 Minn. at 421–22, 184 N.W.2d at 786 (footnotes omitted).

These cases are indistinguishable from the present case. Thus, the law is clear on the narrow issue before this court: the requirement of strict compliance with Section 574.31 is a condition precedent to the bringing of an action against a surety on a contractor bond.

Spetz & Berg contend, however, that the above-cited case law is not controlling because of the evolution of the substantial compliance doctrine, and that the substantial compliance doctrine should be applied to Section 571.34 and to this case:

> Respondent does not dispute that it received actual notice of Appellant's claim. Respondent does not dispute that Appellant's notice was timely. Respondent also does not dispute the sufficiency of the notice given by Appellant. In short, Respondent claims no harm or prejudice by the fact that Appellant did not file the notice with the County Auditor. Yet, Respondent argues in its brief that it should be allowed to rely on a procedural provision in the Materialmen statute to avoid paying an obligation that it admits is otherwise properly due.

Appellant's Responsive Brief at 1.

The Minnesota Supreme Court has not addressed the substantial compliance doctrine as applied to Section 574.31. Although it appears that the substantial compliance doctrine should be extended to Section 574.31 and public project bonds, that is for the Minnesota Supreme Court to decide, and, accordingly, we reluctantly affirm.

### DECISION

The trial court stated in its memorandum:

> The Court is satisfied that the requirement of strict compliance with Section 574.31 is a condition precedent to the bringing of an action, under well-established Minnesota law. Whether or not the Minnesota Supreme Court may in the

future chose to overrule *Ceco* and *Mineral Resources,* this Court has no choice but to follow that well-established law.

We affirm.