**ALEXANDER CONSTRUCTION COMPANY, INC., Respondent,**

v.

**C & H CONTRACTING, INC., Respondent,**

**City of Maplewood, Appellant.**

and

**AMERICAN DRUGGISTS' INSURANCE COMPANY, defendant and third-party plaintiff, Appellant,**

v.

**Duane HALSTAD, et al., Third-Party Defendants.**

No. CX–84–712.

Court of Appeals of Minnesota.

Sept. 11, 1984.

Todd P. Young, Vincent King, M.T. Fabyanske, Fabyanske, Svoboda & Westra, St. Paul, for Alexander Construction.

William G. Swanson, Brooklyn Park, for C & H Contracting, Inc.

Richard F. Rosow, Joseph A. Nilan, Lang, Pauly & Gregerson, Minneapolis, for City of Maplewood and American Druggists' Ins. Co.

Heard, considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

PARKER, Judge.

This is a construction bond case. The appellants are the City of Maplewood (Maplewood), which initiated the construction project, and American Druggists' Insurance Company (ADI), the insurer which furnished the public contractor's bond for the project. The respondents are C & H Contracting, Inc. (C & H), the contractor, and Alexander Construction Co., Inc. (Alexander), a subcontractor. C & H defaulted on the project and did not pay Alexander for its work. Alexander, after filing notice of a bond claim, brought suit against C & H and appellants. The trial court granted summary judgment for Alexander. On appeal, appellants contend that Alexander did not timely file its notice of claim. They also challenge the award of attorneys' fees and prejudgment interest. We affirm as modified.

## FACTS

In May 1980 Maplewood awarded a public works contract to C & H for streets, storm and sanitary sewers, curbing, gutters and water mains on Cope Avenue. Pursuant to Minn.Stat. § 574.26 (1982), C & H furnished Maplewood a public contractor's bond issued by ADI for $175,048.25, the amount of the contract.

C & H subcontracted with Alexander for some of the work on the project. Alexander completed its work in September 1980 but was not paid by C & H. Todd Young, Alexander's attorney, called Maplewood officials five times between February and July 1981 to inquire if the project had been accepted. Each time he was informed that the city had not accepted it. Alexander filed notice of a bond claim in June 1981.

The trial court found that, as a matter of law, the project was completed and approved on October 15, 1981, when the Maplewood City Council formally resolved to accept it, but postponed final payment until the legal aspects of C & H's default could be resolved. Maplewood made final payment to C & H in April 1983.

Alexander initially sought $67,409.49 for its work; its January 5, 1984, summary judgment motion sought only $62,990.24. The summary judgment awarded Alexander that undisputed figure plus $5,000 in attorneys' fees and prejudgment interest from the day the company filed its notice of bond claim.

## ISSUES

1. Did the trial court err in finding that, as a matter of law, the Cope Avenue project was completed and accepted by Maplewood on October 15, 1981, and that, therefore, Alexander's June 1981 notice of bond claim was timely filed?

2. Did the trial court err in awarding attorneys' fees and prejudgment interest?

## DISCUSSION

Summary judgment is appropriate if the pleadings, affidavits and other documents before the court clearly show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56.03, Minn. R.Civ.P. The moving party has the burden of proof, and the court must resolve all doubts and factual inferences against the moving party. *Nord v. Herreid,* 305 N.W.2d 337, 339 (Minn.1981). One cannot successfully oppose a motion for summary

judgment by relying upon general, conclusory statements. The non-moving party must demonstrate that at the time the motion is made specific facts are in existence which create a genuine issue for trial. *Erickson v. General United Life Insurance Co.*, 256 N.W.2d 255, 259 (Minn.1977).

## I

Minn.Stat. § 574.31 (1982) provides:

No action shall be maintained on any such bond unless within 90 days after the completion of the contract and acceptance thereof by the proper public authorities, the claimant shall file a written notice * * * in the office of the auditor of the county letting the contract or the county in which such municipal corporation * * * is situate * * *.

■ Strict compliance with the notice requirement is a condition precedent to maintenance of an action against a surety on a contractor bond. *Spetz & Berg, Inc. v. Balboa Insurance Co.*, 353 N.W.2d 233, at 235 (Minn.Ct.App.1984). However, the statute of limitations does not begin to run until there has been both completion *and* acceptance. *Wheeler Lumber Bridge & Supply Co. v. Seaboard Surety Co.*, 218 Minn. 443, 447, 16 N.W.2d 519, 521 (1944). Therefore, the date of the later of the two is critical in this case.

Appellants contend that the affidavits of City Engineer Kenneth Haider and City Manager Barry Evans create a fact question as to when the work was accepted. Both affidavits state that all work on the project was completed and in use by January 1981. In addition, Haider's affidavit states "that it is your affiant's opinion that the project was completed and accepted as of January, 1981 despite no formal resolution being passed by the City of Maplewood due to the fact that no application was made by C & H for final payments."

Deposition testimony by both Haider and Evans suggests that the project was not completed until after January 1981. However, even if we accept January 1981 as the completion date, the affidavits do not raise a material issue of fact. Neither affidavit offers any evidence to show the trial court erred in finding that the project was not formally accepted until October 15, 1981. They merely suggest that completion and use should be equated with acceptance.

■ It is true that acceptance may be expressed by words or conduct. *Guaranteed Gravel & Sand Co. v. Aetna Casualty & Surety Co.*, 174 Minn. 366, 371, 219 N.W. 546, 548 (1928). However, that conduct must be sufficient to fix the time of acceptance with certainty:

Because of the extensive scope of the department's activities, it seems highly desirable that the *time of acceptance* should be made certain and readily available to those who have performed labor or furnished material on the job. The performance of a highway contract may, and frequently does, involve extensive areas and require many months for completion. Where and to what office or officer must a claimant go to ascertain when the statutory period of limitation has begun?

*Wheeler Lumber Bridge & Supply Co. v. Seaboard Surety Co.*, 218 Minn. at 447–48, 16 N.W.2d at 521 (1944) (emphasis in original).

■ Common sense mandates that claimants must be able to determine the time of acceptance with certainty so they will know when to file notice. To require Alexander to police the project constantly to determine the exact moment it was first used (including the storm and sewer drains) would be unreasonable and unworkable.

Alexander's notice of claim was filed before Maplewood formally resolved to accept the Cope Avenue project on October 15, 1981. Therefore, the notice was timely.

## II

■ Appellants also challenge the trial court's award of attorneys' fees and prejudgment interest. Minn.Stat. § 574.26 provides for the award of reasonable attorneys' fees to a successful claimant in an action on a contractor's bond. Appellants' argument that Alexander was not success-

ful because it was awarded only the undisputed portion of its claim ($62,990.24 out of $67,409.49) is without merit, since Alexander was awarded the amount sought by its summary judgment motion. ,

We are similarly unpersuaded by appellants' contention that Alexander's attorneys' fees were unreasonably high because the company chose to be represented by two firms. That "choice" was forced upon Alexander by appellants' contention that attorney Young committed malpractice by failing to file a timely notice of claim. This court notes that, on the contrary, he was remarkably diligent in trying to ascertain the date of acceptance of the project.

Appellants' actions forced Alexander to seek double representation, so it is reasonable to require appellants to pay the full $10,708.63 in attorneys' fees incurred by Alexander. Since the critical evidence concerning attorneys' fees was documentary, we need not defer to the trial court's assessment of that evidence. *In re Trust Known as Great Northern Iron Ore Properties*, 308 Minn. 221, 225–26, 243 N.W.2d 302, 305 (1976).

■ Finally, we find that the award of prejudgment interest was appropriate. However, interest should accrue from the date of filing the summary judgment motion rather than the date of filing the notice of claim. Prejudgment interest may be awarded upon an unliquidated claim so long as the amount is ascertainable and the claim does not depend upon a contingency. *Moosbrugger v. McGraw-Edison Co.*, 284 Minn. 143, 160, 170 N.W.2d 72, 82 (1969). Here, the amount of the claim did not become readily ascertainable until Alexander reduced its claim when it filed the summary judgment motion.

### DECISION

We affirm the trial court's determination that Alexander's notice of claim was timely filed. We order entry of judgment in favor of Alexander in the sum of $62,990.24, plus costs, statutory interest from January 5,

1984, and attorneys' fees in the amount of $10,708.63.

Affirmed as modified.